UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEROY COLEY,                    :    Civ. Action No. 06-3762(NLH)
                                :
          Plaintiff,            :
                                :
      v.                        :    **OPINION**
                                :
S.M. SULAYMAN, et al.,          :
                                :
          Defendants.           :

**APPEARANCES:**

Leroy Coley
04183-015
FCI Fort Dix
P.O. Box 1000
Fort Dix, NJ 08640

     *Pro Se*

Leah Amber Bynon, Esquire
Office of the United States Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

     *Attorney for Defendants*

**HILLMAN**, District Judge

     This matter has come before the Court on Defendants' motion to dismiss Plaintiff's claims that Defendants violated his Eighth Amendment right to adequate medical care.  For the reasons expressed below, Defendants' motion will be granted.

<u>BACKGROUND</u>

     In his Complaint, *pro se* Plaintiff, Leroy Coley, a prisoner at FCI Fort Dix, claims that Defendants were deliberately indifferent to his serious medical condition--a branchial cyst on

the right side of his neck--in violation of the Eighth Amendment to the United States Constitution.[1]  Plaintiff has asserted his claims against John Nash, former warden of FCI Fairton, Charles E. Samuels, Jr., current Warden, Charleston Iwuagwu, Health Services Administrator, Pradip Patel, Clinical Director, Tushar Patel, Assistant Health Services Administrator, Frederick Durr, Lieutenant USPHS, Assistant Health Services Administrator, and Harold Slevin, M.D.  All defendants except for Dr. Slevin were served by waiver of service.  Dr. Slevin was never served.

Defendants have moved to dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6) for four reasons: 1) Defendant Durr is immune from suit; 2) Plaintiff has failed to state a claim because he does not assert any specific allegations against any defendant; 3) Plaintiff's Complaint must be dismissed against defendants Inwuagwu, Tushar Patel, Durr, Nash, and Samuels because the doctrine of *respondeat superior*

---

[1]In his Complaint, Plaintiff has asserted claims pursuant to 42 U.S.C. §§ 1983 and 1985 for violations of the First, Fifth, Eighth, and Fourteenth Amendments.  Because Plaintiff has filed suit against federal employees, §§ 1983 and 1985, which apply to claims against state employees, are not the correct vehicles by which to bring his constitutional claims.  Additionally, Plaintiff's claims under the First, Fifth, and Fourteenth Amendments are also inapplicable to his claims.  Considering, however, that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), the Court will construe Plaintiff's Complaint as bringing an Eighth Amendment claim against defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides that a right of action against federal officials exists parallel to the right of action against state actors under 42 U.S.C. § 1983.

does not apply in a <u>Bivens</u> action; 4) Plaintiff's claim does not rise to a constitutional violation; and 5) all Defendants are entitled to qualified immunity.  Plaintiff has opposed Defendants' motion.

## DISCUSSION

### A.    Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  <u>Bogosian v. Gulf Oil Corp.</u>, 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation

omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).   The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).   If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a

4

Rule 12(b)(6) motion will be treated as a summary judgment motion
pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### B.   Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim

Plaintiff's Complaint can be construed as having been
brought pursuant to Bivens v. Six Unknown Named Agents of the
Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides
that a right of action against federal officials exists parallel
to the right of action against state actors under 42 U.S.C. §
1983.  See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006); see
also Carlson v. Green, 446 U.S. 14, 20 (1980) (holding that
Bivens provides a remedy for violations of the Eighth Amendment
for the deliberate indifference to a serious medical need).[2]

The Eighth Amendment proscription against cruel and unusual
punishment requires that inmates are provided with adequate
medical care.  To establish a violation of his Eighth Amendment

---

[2]As a primary matter, in order to bring a Bivens action
against federal officials, a prisoner must exhaust all available
remedies before filing suit.  Ahmed v. Dragovich, 297 F.3d 201,
209 n.9 (3d Cir. 2002); Oriakhi v. United States, 165 Fed. Appx.
991, 993 (3d Cir. Feb. 10, 2006) (explaining that "the Prison
Litigation Reform Act prohibits an inmate from bringing a civil
rights suit alleging specific acts of unconstitutional conduct by
prison officials 'until such administrative remedies as are
available are exhausted,' 42 U.S.C. § 1997e(a)," and to "satisfy
this requirement, a prisoner must exhaust all available
administrative remedies prior to filing suit, including a Bivens
action.").  Here, Plaintiff asserts that he has exhausted his
administrative remedies, and Defendants have not challenged that
assertion.

right to adequate medical care, Plaintiff must show (1) a serious medical need, and (2) acts or omissions by prison officials that indicated deliberate indifference to that need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976); <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003).

**(1)  Serious medical need**

To prove his claim, Plaintiff must first show that he had a serious medical need.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).  A serious medical need is a need diagnosed by a physician that the physician believes to require medical treatment, or a need that is "so obvious that a lay person would easily recognize the necessity for a doctor's attention."  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted); <u>see also Atkinson v. Taylor</u>, 316 F.3d 257, 273 (3d Cir. 2003). Additionally, the medical need is considered serious where denial or delay causes an inmate to suffer a life-long handicap or permanent loss.  <u>Monmouth County</u>, 834 F.2d at 347.

Here, Defendants contend that because Plaintiff's branchial cyst did not contain malignant cells, the cyst is not a serious

6

medical condition.[3]  The Court will assume for the purposes of Defendants' motion to dismiss, however, that Plaintiff's condition is serious.

**(2)  Deliberate indifference**

Plaintiff must also show that Defendants' behavior constituted deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment."  Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal

_____

[3]A branchial cyst, also called a branchial cleft cyst, is a cavity that is a remnant from embryologic development present at birth in one side of the neck just in front of the large angulated muscle on either side (the sternocleidomastoid muscle). The cyst may not be recognized until adolescence as it enlarges its oval shape. It may develop a sinus or drainage pathway to the surface of the skin from which mucus can be expressed.  Webster's New World Medical Dictionary, 2d ed. (Jan. 2003).

quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. <u>See</u> <u>Rouse</u>, 182 F.3d at 197. The court has also held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. <u>Atkinson</u>, 316 F.3d at 266; <u>see also</u> <u>Monmouth County</u>, 834 F.2d at 346 ("[D]eliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.'"); <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993); <u>White v. Napoleon</u>, 897 F.2d 103 (3d Cir. 1990).

In his Complaint, Plaintiff recounts the treatment of his neck cyst that he received over the course of six years. Treatment provided by the prison medical staff, as well as referrals to outside doctors, included medication, aspiration,

8

laboratory tests, chest x-rays, impression to rule out lymphoma, needle biopsy/laryngoscopy, MRI, CT scan, and ultrasound.[4] Plaintiff's cyst was not malignant, and the cyst was excised on January 4, 2007.

Plaintiff's complaint about his medical care is that even though the "institution would do something from, time to time, as a spin tactic[,] [c]onsidering the six year time period, nothing was really accomplished." (Pl.'s Opp. Br. at 2.)  Plaintiff also complains that despite four recommendations for the excision of his cyst on October 7, 2003, October 10, 2003, December 1, 2003, and January 28, 2005, surgery was not performed until January 4, 2007.[5]  (Id. at 2-3.)  Plaintiff claims that he was "told by the medical guards that they do not care about inmates' medical needs," and they "will get to Plaintiff whenever they feel like helping him." (Compl. at 6.)  Plaintiff also claims that Defendants "are clearly deliberately indifferent to Plaintiff's serious medical problems, although Plaintiff has complained about lightheadedness, dizziness, headaches, tenderness of the neck, numbness of the lips, stiffness of the neck, blurred vision, and

---

[4]What treatment was provided to Plaintiff is described in his Complaint as well as the exhibits attached to his Complaint, specifically Defendant Warden Samuels' response to Plaintiff's administrative remedy request.  (See Compl. Ex. 3.)

[5]From January 2004 to January 2005, Plaintiff left FCI Fort Dix on a state writ to Delaware Correctional Center, where he was treated by that prison's medical facility.

other symptoms.  Still, the defendants have acted as though
nothing is wrong with Plaintiff and brushed him aside."  (Id.)

Plaintiff's Complaint must be dismissed against all
Defendants because he has not made any viable claims specific to
any defendant, and because his claims fail to state an Eighth
Amendment violation.  First, with the exception of Defendant
Samuels, Plaintiff does not mention any of the other moving
defendants by name, and he does not specify what actions those
defendants committed to violate his right to be provided with
adequate medical care.[6]  It is well-settled that "'a civil rights
complaint that relies on vague and conclusory allegations does
not provide 'fair notice' and will not survive a motion to
dismiss.'"  District Council 47, American Federation of State,
County and Mun. Employees, AFL-CIO by Cronin v. Bradley, 795 F.2d
310, 313 (3d Cir. 1986) (quoting United States v. City of
Philadelphia, 644 F.2d 187, 204 (3d Cir. 1980)).  Without any
specific allegations against them, Defendants Inwuagwu, Pradip
Patel, Tushar Patel, and Durr have not been provided with
adequate notice so that they can answer the Complaint.

With regard to Plaintiff's claims against Samuels, Plaintiff
claims that Samuels's response to Plaintiff's administrative
remedy "put a spin and dance to Plaintiff's serious medical

---

[6]In his Complaint, Plaintiff cites other people by name, but
he has not named them as defendants.

10

problem," and "Defendant Samuels is deliberately indifferent to Plaintiff's serious medical needs."  These conclusory statements against Samuels are equally insufficient to allow him to respond to Plaintiff's Complaint.

Plaintiff Complaint must also be dismissed because he has fail to state a claim for an Eighth Amendment violation. Plaintiff does not allege that Defendants knew of Plaintiff's need for medical treatment but intentionally refused to provide it, or that Defendants delayed the necessary medical treatment for non-medical reasons, or that Defendants prevented him from receiving needed or recommended treatment.  Indeed, Plaintiff's recitation of his medical treatment, along with the documents attached to the Complaint regarding his medical treatment, demonstrate that Plaintiff received extensive and ongoing treatment for a non-malignant cyst.  Plaintiff's claims instead simply show a dissatisfaction with the medical treatment recommended and performed by the prison's medical staff and outside doctors, and "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  At most, Plaintiff's claims sound in negligence, which is insufficient to support a claim for deliberate indifference.  Consequently, Plaintiff's Complaint must be dismissed for failure to state a claim.

11

C.   **Defendant's Motion to Dismiss Plaintiff's Complaint Under Other Theories**

In addition to their argument that Plaintiff has failed to state a claim for an Eighth Amendment violation, Defendants contend that Plaintiff's Complaint must be dismissed because Defendant Durr is immune from suit, the doctrine of *respondeat superior* does not apply in a <u>Bivens</u> action, and all Defendants are entitled to qualified immunity.

Because it has already been determined that Plaintiff's Complaint must be dismissed because he has failed to state a claim, Defendants' other theories for dismissal will be only addressed briefly.  First, 42 U.S.C. § 233(a) protects commissioned officers or employees of the Public Health Service from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead.  <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 108 (2d Cir. 2000).  Accordingly, Plaintiff's claims against Defendant Durr must be dismissed under this basis as well.

Second, a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 537 n.3 (1981); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976)).  Personal involvement can be shown through allegations of personal

12

direction or of actual knowledge and acquiescence, but these allegations must be made with appropriate particularity.  Id. Thus, to the extent that Plaintiff's claims against defendants Inwuagwu, Tushar Patel, Durr, Nash, and Samuels could be construed to be based on their supervisory roles, those claims must be dismissed because Plaintiff has not made any claims that they were personally involved in Plaintiff's medical treatment.

Finally, when a defendant claims qualified immunity, a court must first determine if the plaintiff's allegations are sufficient to establish the violation of a federal constitutional or statutory right.  Wilson v. Layne, 526 U.S. 603, 609 (1999) (citing Conn v. Gabbert, 526 U.S. 286, 290 (1999)).  If the plaintiff's allegations meet this threshold, a court must next determine whether the right that the defendant's conduct allegedly violated was a clearly established one, about which a reasonable person would have known.  Id.  If the plaintiff's allegations fail to satisfy either inquiry, then a defendant is entitled to qualified immunity and dismissal of the case.  Doe v. Delie, 257 F.3d 309, 314-15 (3d Cir. 2001).  Deciding "this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits."  Siegert v. Gilley, 500 U.S. 226, 232 (1991).

Here, the Court has determined that Plaintiff's allegations are insufficient to establish the violation of his Eighth Amendment right to adequate medical care.  Consequently, Defendants are entitled to qualified immunity and Plaintiff's Complaint must also be dismissed on this basis.

### **CONCLUSION**

For the reasons expressed above, Plaintiff's Complaint must be dismissed.  An appropriate Order will be entered.


Dated: August 7, 2007            s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

14